"These consolidated cases come before the court on defendant’s motion for summary judgment in opposition to plaintiffs’ claim for just compensation under the taking clause of the fifth amendment of the United States Constitution.
"Each of the plaintiffs herein owns property along the Santa Ana River in California, downstream from the Prado Dam, a flood control project constructed in 1941 and operated by the U.S. Army Corps of Engineers. During January and February 1969, the area experienced severe and unusual rainstorms. Flood waters, impounded behind Prado Dam, were released in quantities which overflowed plaintiffs’ land, resulting in the destruction of plaintiffs’ real property, improvements, trees, poultry, and equipment.
"Plaintiffs, reciting that they have suffered a deprivation of real and personal property on account of the action of the Government, assert that this action constitutes a taking of their property for public use. It is not sufficient to prove a taking, however, to show merely that Government action has interfered with property rights. In the case of interference with land due to flooding, this court has held that the plaintiff must show recurrent, inevitable inundation due to the action of the Government which amounts to a permanent appropriation for use by the Government. Hartwig v. United States, 202 Ct. Cl. 801, 485 F.2d 615 (1973); B Amusement Co. v. United States, 148 Ct. Cl. 337, 180 F.Supp. 386 (1960). The affidavit of Joseph B. Evelyn, a Government hydrologic engineer, shows that the flood conditions which had occasioned the discharge which *410 resulted in the flood of plaintiffs’ land were unusual and exceptional. The 'exceedence’ interval, which is the estimate of the time between such occurrences, was determined by Mr. Evelyn to be 30 years. Such a large time gap between floods does not satisfy the proof required to show that Government action has in effect taken an easement over plaintiffs’ property. See Fromme v. United States, 188 Ct. Cl. 1112, 1118, 412 F.2d 1192, 1197 (1969), where a 15-year interval was deemed inadequate.
"Further, not every corrective action undertaken by the Government which affects property constitutes a taking. As stated in United States v. Sponenbarger, 308 U.S. 256, 266 (1939):
* * * The Government has not subjected respondent’s land to any additional flooding, above what would occur if the Government had not acted; and the Fifth Amendment does not make the Government an insurer that the evil of floods be stamped out universally before the evil can be attached to all.
Mr. Evelyn’s affidavit shows that during the storms the maximum' inflow into the dam’s reservoir was 76,900 c.f.s., whereas the Government discharged approximately 5,000 c.f.s. Without Prado Dam, plaintiffs’ land in the Santa Ana Canyon would have experienced the full floodflows of approximately 75,000 c.f.s. Certainly, the Government’s presence actually benefited plaintiffs. Plaintiffs have not alleged that flooding had previously occurred as a result of the operation of the dam and, as Sponenbarger holds, the defendant cannot be held liable for flood damage which would have happened had the defendant undertaken no work of any kind. This disposes, also, of plaintiffs’ contention that different rules should apply to loss of real and personal property. To the extent there might be a tort action for the latter type of loss, the California District Court has dismissed plaintiffs’ claims, over which we have no jurisdiction in any event.
"The plaintiffs, however, do not agree with the conclusions which are gathered from Mr. Evelyn’s affidavit, but they do not provide the court with any support for their own allegations in the way of affidavits or other documents. A party cannot rest on general allegations or denials in its pleadings when contesting a motion for summary judgment. Rule 101(f). Since these plaintiffs have *411 not provided the court with any evidence to the effect that the floods would have been recurrent because of defendant’s actions or that they would have been less severe without the Prado Dam, this court is obliged to conclude, based on the defendant’s presentation, that such would not have been the case. See Hartwig v. United States, supra; Pacific Far East Line, Inc. v. United States, 206 Ct. Cl. 378, 513 F.2d 1355 (1975); Royal Indemnity Co. v. United States, 178 Ct. Cl. 46, 371 F.2d 462 (1967), cert. denied, 389 U.S. 833 (1967).
"it is therefore ordered, upon consideration of the pleadings and exhibits, without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs’ petitions are dismissed.”
Judge Davis agrees with the result and concurs in the portion of the order applying United States v. Sponenbarger to this case.